IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAGDALINA KALINCHEVA, M.D., | ) | 8:15CV45 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| JESSE NEUBARTH, VALENTYNA LEZOVITSKAYA, JERALD MASON, CHICAGO TITLE COMPANY, DONALD A. MACHADO, JANE DOE, JOHN DOE, MICHELLE HULLIGAN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed a Complaint (Filing No. 1) and a Motion for Leave to Proceed in Forma Pauperis (Filing No. 3) in this matter on January 30, 2015. Upon review of Plaintiff's Motion, the court finds that Plaintiff is financially eligible to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,*

556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Plaintiff's pleadings are rambling and incoherent. The court cannot decipher any cognizable legal theory from her materials. Separately, Plaintiff has not alleged facts to establish personal jurisdiction over herself or Defendants. None of the parties reside in Nebraska and none of the events giving rise to her allegations (to the extent they can be deciphered) arose in Nebraska.

In addition, it is apparent that this court lacks subject-matter jurisdiction over Plaintiff's Complaint. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001). Subject-matter jurisdiction may also be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a

federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Here, Plaintiff has not alleged the parties reside in different states. In addition, she has not identified a discernible cause of action under federal law, as the federal criminal statutes she refers to do not provide a basis for a civil action in this court. (*See* Filing No. 1 at CM/ECF p. 3 ("Jurisdiction is asserted pursuant to the following statutory authorities: Grand Larceny in the First Degree with Burglary Robbery & Trespass Felony").) Thus, jurisdiction does not exist under section 1331 or section 1332.

For the foregoing reasons, the court will dismiss this action. The court will not provide Plaintiff with an opportunity to amend her Complaint because it is apparent that amendment would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing No. 3) is granted.

2. Plaintiff's Complaint (Filing No. 1) is dismissed with prejudice.

DATED this 10th day of February, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.